NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name:  09a0544n.06

No. 08-4325

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 06, 2009**
LEONARD GREEN, Clerk

LISA LOTT,

      Plaintiff-Appellant,

v.

ORIANA HOUSE, INC.,

      Defendant-Appellee.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO.

_____/


BEFORE:    CLAY and ROGERS, Circuit Judges; and JORDAN, District Judge.[*]

**PER CURIAM.**  Plaintiff-Appellant Lisa Lott ("Lott") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Oriana House, Inc. ("Defendant") on her claims alleging gender and race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and breach of implied contract of employment under Ohio law.

In a well-reasoned opinion, the district court concluded that Defendant was entitled to summary judgment with respect to Lott's discrimination claims because (1) Defendant provided a legitimate, nondiscriminatory reason for discharging Lott, namely, her failure to adequately maintain client files and her falsification of records; and (2) Lott could not show that

_____

[*]The Honorable R. Leon Jordan, Senior United States District Judge for the Eastern District of Tennessee, sitting by designation.

Defendant's reason was pretextual. *Lott v. Oriana House, Inc.*, No. 3:07CV1084, 2008 U.S. Dist. LEXIS 64383, at *8-14 (N.D. Ohio Aug. 19, 2008). The court also concluded that Defendant was entitled to summary judgment on Lott's implied contract claim because, in light of documents establishing that Lott's employment was at-will, there was no genuine issue of material fact as to whether Lott and Defendant entered into an implied contract of employment. *Id.*, at *14-16.

After carefully considering the record, the parties' briefs, and the parties' oral arguments, we agree that summary judgment was properly granted with respect to all claims. We conclude that a panel opinion further addressing the issues raised would not serve a jurisprudential purpose, and we therefore **AFFIRM** for the reasons set forth by the district court.